1
2
3
4
5
6
7

O

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  MICHAEL D. PERKINS,                    )   Case No. CV 09-7439-DDP (DTB)
                                          )
12                    Plaintiff,          )
                                          )
13            vs.                         )   ORDER DISMISSING FIRST
                                          )   AMENDED COMPLAINT WITH
14  RICHARD S. KEMALYAN, et               )   LEAVE TO AMEND
    al.,                                  )
15                                        )
                      Defendants.         )
16  ─────────────────────────────────    )

17          Plaintiff currently is incarcerated at Chukawalla Valley State Prison ("CSP-

18  Chukawalla") in Blythe, California.  On October 27, 2009, he filed this pro se civil

19  rights action.   The gravamen of plaintiff's claims was that he was unlawfully

20  convicted of the crime of sale of a controlled substance (cocaine) due to a conspiracy

21  between various members of the Los Angeles Police Department, the Los Angeles

22  County District Attorney, the Los Angeles County Public Defender, the Los Angeles

23  County Probation Department, and a judge with the Los Angeles County Superior

24  Court.

25          The Complaint named the following as defendants in both their individual and

26  official capacities: Los Angeles County Superior Court Judge Richard S. Kemalyan;

27  Los Angeles County Deputy Public Defender Jovan Blacknell; Los Angeles County

28  Deputy District Attorney Chris Baker; Los Angeles County Deputy Public Defender

1

1   Michelle Kim; Los Angeles County Probation Officer Elvira Hernandez; Los Angeles
2   County Probation Officer Spencer Negron; and the following Los Angeles Police
3   Department Officers: Hector Diaz; Daniel Ramirez; Romeo Rubalcava; David Cho;
4   Michael Saragueta; Officer Mossman; Officer Bugrin; Officer Pedroza; Officer
5   Williams; and Officer Kanchanamongkol.  (Complaint at 2-5).

6          In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint
7   prior to ordering service, for purposes of determining whether the action was frivolous
8   or malicious; or failed to state a claim on which relief might be granted; or sought
9   monetary relief against a defendant who was immune from such relief.  After careful
10  review and consideration of the allegations of the Complaint under the relevant
11  standards, the Court found that its allegations were insufficient to state a claim on
12  which relief might be granted for violation of plaintiff's federal civil rights.
13  Accordingly, on January 12, 2010, the Court issued an Order dismissing the
14  Complaint with Leave to Amend.  Plaintiff was advised that if he still desired to
15  pursue this action, he was ordered to file a First Amended Complaint within 30 days
16  remedying the deficiencies discussed in the dismissal order.

17         On February 2, 2010, plaintiff filed a First Amended Complaint ("FAC")
18  herein.  Named as defendants in the FAC are the same defendants named in plaintiff's
19  original Complaint, with the following changes: Negron was not named in the FAC,
20  and all defendants are sued in their individual capacity.  As best the Court can glean
21  from the allegations of the FAC, the gravamen of plaintiff's claims remains essentially
22  the same.

23         In accordance with the terms of the "Prison Litigation Reform Act of 1995"
24  ("PLRA"), the Court now has screened the FAC prior to ordering service, for purposes
25  of determining whether the action is frivolous or malicious; or fails to state a claim on
26  which relief may be granted; or seeks monetary relief against a defendant who is
27  immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. §
28  1997e(c)(1).

1       The Court's screening of the FAC under the foregoing statutes is governed by

2  the following standards.  A complaint may be dismissed as a matter of law for failure

3  to state a claim for two reasons:   (1) lack of a cognizable legal theory; or (2)

4  insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police

5  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states

6  a claim on which relief may be granted, allegations of material fact are taken as true

7  and construed in the light most favorable to the plaintiff.  See Love v. United States,

8  915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing pro se,

9  the Court must construe the allegations of the Complaint liberally and must afford

10  plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839

11  F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ... applies only

12  to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S.

13  Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a civil rights

14  complaint may not supply essential elements of the claim that were not initially pled."

15  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

16  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

17       Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete

18  statement of the claim showing that the pleader is entitled to relief."  As the Supreme

19  Court recently held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion,

20  of entitlement to relief."  Further, "a plaintiff's obligation to provide the 'grounds' of

21  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

22  recitation of the elements of a cause of action will not do. . . . Factual allegations must

23  be enough to raise a right to relief above the speculative level."  See Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

25  (internal citations omitted).  Thus, plaintiff must allege a minimum factual and legal

26  basis for each claim that is sufficient to give each defendant fair notice of what

27  plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United

28  States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932

3

F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the FAC under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below.  Accordingly, the FAC is dismissed with leave to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

**I.  Defendant Kemalyan is immune from suit pursuant to the doctrine of judicial immunity.**

The United States Supreme Court repeatedly has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages arising under federal civil rights statutes . See, e.g., Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).  Moreover, "[s]uch immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985).

Here, plaintiff's allegations against defendant Kemalyan arise out of conduct which occurred within the course and scope of the judicial proceedings before defendant Kemalyan.  As such, it would appear that the actions of defendant

4

Kemalyan are governed by the doctrine of judicial immunity, which would absolutely immunize this defendant from any liability.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (noting that "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him"); <u>Bradley v. Fisher</u>, 80 U.S. 335, 354, 20 L. Ed. 646 (1871) (holding that judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly); <u>see</u> <u>also</u> <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988) (as amended) (noting that even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity").  Likewise, plaintiff's allegations to the effect that defendant Kamalyan conspired with the other defendants herein are insufficient to overcome his absolute immunity.  <u>See</u> <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir. 1986).

## II.   <u>Defendant Baker is immune from suit pursuant to the doctrine of Prosecutorial Immunity.</u>

The law is well established that prosecutors are entitled to absolute immunity from federal civil rights claims.  <u>See</u>, <u>e.g.</u>, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); <u>Sykes v. State of Cal. (Dept. of Motor Vehicles)</u>, 497 F.2d 197, 200 (9th Cir. 1974).  This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."  <u>See</u> <u>id.</u>  Moreover, the immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  <u>See</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).  Thus, for example, in <u>Imbler</u>, the Supreme Court held that prosecutors were immune from claims that they had knowingly used false

5

1    testimony at trial, had deliberately suppressed exculpatory evidence, and had
2    prosecuted the defendant with knowledge that he had been "cleared" by a lie detector
3    test. See Imbler, 424 U.S. at 416; see also, e.g., Burns v. Reed, 500 U.S. 478, 492,
4    111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (holding that the prosecutor's conduct in
5    appearing in court in support of an application for a search warrant and in presenting
6    evidence at that hearing was protected by absolute immunity); Radcliffe v. Rainbow
7    Const. Co., 254 F.3d 772, 781-82 (9th Cir. 2001) (holding that prosecutor's conduct
8    in sending plaintiff a letter informing him that he had been charged with trespass and
9    directing him to present himself at the police station for arrest and booking under the
10   threat of a bench warrant was protected by absolute immunity). The Supreme Court
11   also has held that prosecutors are immune even from "administrative" failures if they
12   are directly connected with the conduct of a trial, including supervision and training
13   on impeachment-related information and the creation of information management
14   systems relating to such evidence. See Van de Kamp v. Goldstein, – U.S. –, 129 S.
15   Ct. 855, 172 L. Ed 2d 706 (2009). Even charges of malicious prosecution,
16   falsification of evidence, coercion of perjured testimony, and concealment of
17   exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See
18   Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984). Nor does it make any
19   difference if the plaintiff is alleging that the prosecutors were engaged in a conspiracy
20   to violate his civil rights. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986)
21   (as amended).

22          Here, the FAC alleges that defendant Baker, in his capacity as a Deputy District
23   Attorney for Los Angeles County, conspired with the other defendants to, inter alia,
24   give a "deal" to plaintiff's co-defendant, Mr. Pitts, in exchange for Pitts' agreement
25   not to testify on plaintiff's behalf (FAC at ¶ 68). This allegation, as well as the
26   conclusory allegation that defendant Baker conspired with the other defendants to
27   convict plaintiff on a charge of which he is actually innocent (FAC at ¶ 88) arises out
28   of the course and scope of defendant Baker's conduct as a prosecutor and, as such, he

1    is immune from liability.

2

3    **III.    Plaintiff is not entitled to most of the injunctive relief that he purports to**

4            **be seeking.**

5            In Will, the Supreme Court recognized one vital exception to the general rule

6    that states, state agencies, and state officials sued in their official capacities are not

7    persons subject to civil rights suits under federal civil rights statutes.  When sued for

8    prospective injunctive relief, a state official in his official capacity is considered a

9    "person" for § 1983 purposes.  See Will, 491 U.S. at 71 n.10 ("Of course a state

10   official in his or her official capacity, when sued for injunctive relief, would be a

11   person under § 1983 because 'official-capacity actions for prospective relief are not

12   treated as actions against the State.'"  This exception recognizes the doctrine of Ex

13   Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), that a suit for

14   prospective injunctive relief provides a narrow, but well-established, exception to

15   Eleventh Amendment immunity.  See Rounds v. Or. State Bd. of Higher Educ., 166

16   F.3d 1032, 1036 (9th Cir. 1999) ("Ex Parte Young provided a narrow exception to

17   Eleventh Amendment immunity for certain suits seeking declaratory and injunctive

18   relief against unconstitutional actions taken by state officers in their official

19   capacities."); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Doe v. Lawrence

20   Livermore Nat'l Lab., 131 F.3d 836, 840 (9th Cir. 1997).

21           However, plaintiff does not appear to seek any injunctive relief against any

22   individuals which would arguably constitute a proper remedy under Will.  Plaintiff is

23   not entitled to injunctive relief requiring defendants "Not to mention in any shape

24   form or fashion harass (sic) threaten, punish, and retaliate against Plaintiff directly or

25   indirectly..." (FAC at ¶ 102 (A)).

26

27                          *****************

28           If plaintiff chooses to file a Second Amended Complaint, it should bear the

                                            7

1  docket number assigned in this case; be labeled "Second Amended Complaint"; and
2  be complete in and of itself without reference to the original Complaint, the FAC or
3  any other pleading, attachment, or document.  The clerk is directed to send plaintiff a
4  blank Central District civil rights complaint form, which plaintiff is encouraged to
5  utilize.

6       **Plaintiff is admonished that, if he fails to timely file a Second Amended**
7  **Complaint, the Court will recommend that this action be dismissed with prejudice**
8  **on the grounds set forth above and for failure to diligently prosecute.**

9

10 DATED: February 22, 2010

13 DAVID T. BRISTOW
   UNITED STATES MAGISTRATE JUDGE

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
| v. | _____ <br> *To be supplied by the Clerk* |
| DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO** *(Check one)* <br> ☐ 42 U.S.C. § 1983 <br> ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)             (Claim II)             (Claim III)

**NOTE**:   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D.  CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same
outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| _____ | _____ |
| *(Date)* | *(Signature of Plaintiff)* |